1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   LAQUISHA JACKSON, an individual;          No.  2:15-cv-02595-MCE-EFB
     and A.W., a minor by and through his
12   mother and natural guardian,
     LAQUISHA JACKSON,
13                                             **MEMORANDUM AND ORDER**
                    Plaintiffs,
14
           v.
15
     REGENTS OF THE UNIVERSITY OF
16   CALIFORNIA,

17                  Defendant.

18

19        Through this action, Plaintiff Laquisha Jackson seeks relief from Defendant

20   Regents of the University of California ("the University") on behalf of herself and her son,

21   arising from the termination of her employment.  Specifically, Jackson alleges that the

22   University improperly fired her as a result of taking intermittent leave to care for her

23   autistic son.  In their Complaint, ECF No. 2, Plaintiffs set out nine causes of action based

24   on the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654; the Americans with

25   Disability Act ("ADA"), 42 U.S.C. §§ 12101–12213; unlawful racial discrimination under

26   42 U.S.C. § 1981; California's Fair Employment Housing Act ("FEHA"), Cal. Gov't Code

27   §§ 12900–12996; and state tort law.

28   ///

                                               1

1    Presently before the Court is Plaintiffs' Amended Motion for Leave to Amend the

2    Complaint, ECF No. 12, in which Plaintiffs seek to add additional claims under FEHA.

3    For the reasons set forth below, Plaintiffs' motion is DENIED.[1]

4

5                                    **BACKGROUND**[2]

6

7    Jackson worked as a senior custodian at the University of California Davis

8    Medical Center ("UCDMC") from 2003 until her termination in 2015.  Jackson's son,

9    A.W., was diagnosed in 2005 with autism and developmental disabilities.  A.W. is 14

10   years old, but his cognition is estimated to be that of a five-year old.  A.W. is prone to

11   violent tantrums and episodes of emotional distress, which require Jackson's immediate

12   presence to calm him down.  Several times during her employment at UCDMC, she

13   applied for leave under the FMLA to care for her son.  Jackson also attempted to join a

14   different career track at UCDMC that would provide her more flexibility to care for her

15   son.

16   Twice in 2014, Jackson's applications for leave under the FMLA were rejected.

17   Plaintiffs allege that these rejections were improper for various reasons.  In February

18   2015, UCDMC initiated the process of firing Jackson due to poor attendance and

19   ultimately terminated her.  In response, Plaintiffs filed this lawsuit on December 11,

20   2015.  On April 1, 2016, Defendant filed an Answer, ECF No. 7, and the Court entered

21   an Initial Pretrial Scheduling Order on May 3, 2016, ECF No. 9.  About seven and a half

22   months later, Plaintiffs made the instant motion, seeking leave to add to their complaint

23   three additional causes of action under FEHA based on discrimination Jackson allegedly

24   suffered because of her association with a disabled person.

25   ///

26          [1] Because oral argument will not be of material assistance, the Court ordered this matter
     submitted on the briefs.  E.D. Cal. Local R. 230(g).

27
           [2] Unless otherwise noted, the allegations in this section are drawn directly, and in some cases
28   verbatim, from the allegations of Plaintiffs' Complaint

1

2

**STANDARD**

3   Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil

4   Procedure,[3] which provides that "[t]he court should freely give leave [to amend] when

5   justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "[o]nce the district court ha[s]

6   filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which

7   establishe[s] a timetable for amending pleadings[,] that rule's standards control[ ]."

8   Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992); see also

9   In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013)

10   (relying on Johnson for the same principle).

11   Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause."

12   Fed. R. Civ. P. 16(b).  "Rule 16(b)'s 'good cause' standard primarily considers the

13   diligence of the party seeking amendment."  Johnson, 975 F.2d at 609.  "If that party was

14   not diligent, the inquiry should end."  Id.  Although "the focus of the inquiry is upon the

15   moving party's reasons for seeking modification," a court may make its determination by

16   noting the prejudice to other parties.  Id.

17   If good cause is found, the court must then evaluate the request to amend in light

18   of Rule 15(a)'s liberal standard.  Id. at 608.  Leave to amend should be granted unless

19   amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith,

20   (3) creates undue delay, (4) or is futile.  Chudacoff v. Univ. Med. Ctr. of S. Nev.,

21   649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

22   "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three

23   factors, if a court finds that good cause exists, it should then deny a motion for leave to

24   amend only if such amendment would be futile."  Baisa v. Indymac Fed. Reserve,

25   No. CIV. 2:09-1464 WBS JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 7, 2010).

26   ///

27   _____

28   [3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

**ANALYSIS**

2

3       When filing their motion, Plaintiffs relied on Rule 15.  <u>See</u> Mot. for Leave to

4   Amend, at 2.  However, as noted above, a Pretrial Scheduling Order issued several

5   months prior to Plaintiffs filing their motion.  Thus, Plaintiffs' motion must be analyzed

6   under Rule 16, and the Court construes the motion as having been made under that

7   Rule.

8       Plaintiffs argue that Rule 16's good cause standard has been met because they

9   have been diligent and that Defendant would suffer no prejudice if the Court granted

10  leave to amend the complaint.  <u>See</u> Pls.' Reply, ECF No. 15, at 3–5.  Though good

11  cause "primarily considers the diligence of the party seeking the amendment," <u>Johnson</u>,

12  975 F.2d at 609, mere diligence is not sufficient.  Good cause requires a showing that

13  the pretrial scheduling order "cannot reasonably be met despite the diligence of the party

14  seeking the extension."  <u>Id.</u>

15      According to Plaintiffs, the impetus for their motion is the California Court of

16  Appeal's August 29, 2016, decision in <u>Castro-Ramirez v. Dependable Highway Express,</u>

17  <u>Inc.</u>, 2 Cal. App. 5th 1028 (2016).  Plaintiffs argue that this decision "broadened the

18  scope of an employer's duty to accommodate employees who are associated with a

19  disabled person."  Mot. for Leave to Amend, at 4.  Plaintiffs' new FEHA claims arise out

20  of this supposed newly broadened view of FEHA.

21      However, <u>Castro-Ramirez</u> did not broaden FEHA.  In fact, it explicitly disclaimed

22  deciding the "new" law Plaintiffs rely on.  <u>See id.</u> at 1038 ("[W]e do not decide whether

23  FEHA establishes a separate duty to reasonably accommodate employees who

24  associate with a disabled person.").  The court only wrote, in dicta, that Plaintiffs' reading

25  of FEHA may be a reasonable one.  <u>Id.</u> at 1038–39.  Furthermore, the discussion in

26  <u>Castro-Ramirez</u> relies on prior caselaw that was available to Plaintiffs when they filed

27  their original complaint.  Accordingly, Plaintiffs have not shown that the pretrial

28  ///

4

scheduling order could not "reasonably be met despite the diligence of" Plaintiffs.
Therefore, Plaintiffs have failed to show good cause, and their motion must be denied.

**CONCLUSION**

For the reasons provided above, Plaintiffs' Amended Motion for Leave to Amend
the Complaint, ECF No. 12, is DENIED.

IT IS SO ORDERED.

Dated:  March 22, 2017

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE